IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                    Case No. 11-10247-JTM

BRANDEN C. MOSS,

      Defendant.

## ORDER

The court has before it defendant Branden C. Moss's Motion to Receive Credit for Time Served (Dkt. 30). Mr. Moss simply states that he has "not been credited for time served while in federal custody awaiting federal court . . . ." Dkt. 30. The court infers from this statement that Mr. Moss is asking the court to order the Attorney General to grant Mr. Moss credit for previous time served. The court denies Mr. Moss's motion for the following reasons.

Mr. Moss was arrested on September 23, 2011 for the sale of methamphetamine. On December 27, 2011, Mr. Moss made his first appearance before this court. On April 26, 2012, Mr. Moss pleaded guilty to the crime with which he was charged. Mr. Moss was in the custody of the State of Kansas from the time of his arrest until he was released into the sole custody of the United States on July 2, 2012. On July 12, 2012, the court sentenced Mr. Moss to 60 months imprisonment followed by four years of supervised release, to run concurrently with Mr. Moss's state sentence imposed in case 10CR1073.

Judicial review of the calculation of Mr. Moss's sentence is not appropriate at this time. The Attorney General, through the Bureau of Prisons, is responsible for imprisoning federal offenders. *See* 18 U.S.C. § 3621(a). Determining credit for time served is part of this responsibility. *See United States v. Wilson*, 503 U.S. 329, 336–37 (1992). Calculation of a

federal prisoner's sentence may be reviewed by a *habeas corpus* action under 28 U.S.C.A. § 2241. *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000). However, judicial review is only appropriate after the prisoner has exhausted all of his or her administrative remedies with the Bureau of Prisons. *Id.*; *Thomason v. Guzik*, 226 F.3d 642 (5th Cir. 2000); 16A Fed. Proc., L. Ed. § 41:146 (2013). Here, there is no indication that Mr. Moss has sought administrative relief by presenting to the Attorney General his request for recalculation of his sentence. Further, Mr. Moss has not brought a *habeas corpus* action under § 2241. Therefore, judicial review of the calculation of Mr. Moss's sentence is not appropriate at this time.

Mr. Moss's motion likely would be denied even if it were appropriate for the court to review the calculation of his sentence. "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . ." 18 U.S.C. § 3585(b). However, credit can only be applied for time "that has not been credited against another sentence." *See* §3585(b)(2).

Mr. Moss argues that he did not receive credit for time served while in federal custody awaiting sentencing. The Bureau of Prisons calculated Mr. Moss's release date to be November 9, 2016. This calculation accounts for time Mr. Moss served while in the sole custody of the United States and for good behavior. The remainder of the time Mr. Moss served while in custody, from September 23, 2011 until July 2, 2012, was credited to Mr. Moss's state sentence. Because this time was credited to Mr. Moss's state sentence, it may not also be credited to his federal sentence. *Id.* Thus, the court finds that Mr. Moss has received credit for all of the time he served while in custody awaiting sentencing.

Mr. Moss also requests counsel on this matter. The court infers that Mr. Moss requests court-appointed counsel and not simply permission to retain his own counsel. Generally, there is

no right to counsel in civil actions, even those actions involving civil rights. *See Lassiter v. Dep't of Soc. Serv. of Durham County, N.C.*, 452 U.S. 18, 26, 101 S.Ct. 2153, 2159 (1981). An action seeking judicial review of a sentence calculation is civil in nature. *See Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S. Ct. 1715, 1722, 118 L. Ed. 2d 318 (1992); *U.S. v. Meindl*, No. 99-40075-01-SAC, 2007 WL 1452992 at *2, n. 1 (D. Kan May 17, 2007). Therefore, Mr. Moss is not entitled to counsel for this matter. Of course, Mr. Moss is entitled to retain counsel of his own, at his own expense.

IT IS THEREFORE ORDERED this 19th day of June, 2013, that Mr. Moss's Motion to Receive Credit for Time Served (Dkt. 30), including his request for counsel, is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE